UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEREMIAH TILLERY,

    Petitioner,

v.                                 CASE NO. 5:14-cv-56-Oc-23PRL

SECRETARY, DEPT. OF
CORRECTIONS., et al.,

    Respondents.
_____/

**ORDER**

Serving a state sentence at the Walton Correctional Institution in Defuniak Springs, Florida, Jeremiah Tillery moves (Doc. 1) under 28 U.S.C. § 2254 for the writ of habeas corpus. The respondents move (Doc. 9) for dismissal. An evidentiary hearing is unnecessary.

**State Court**

The State of Florida charged Tillery with one count of robbery with a firearm and one count of grand theft of an automobile while masked. (Doc. 10, Ex. 1) On March 22, 2000, as to count one Tillery pleaded guilty to a lesser charge of robbery with a weapon. As to count two, Tillery pleaded guilty as charged. He was sentenced the same day to concurrent terms of twelve years imprisonment on each charge, consecutive to a twenty-three-year sentence imposed in Orange County. (Doc. 10, Ex. 3) Tillery filed no appeal.

On March 18, 2002, Tillery moved for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure. (Doc. 10, Ex. 4) The trial court summarily denied the motion, and the appellate court *per curiam* affirmed. The mandate issued on October 25, 2002. *Tillery v. State*, 829 So. 2d 235 (Fla. 5th DCA 2002) (table). (Doc. 10, Exs. 7-8)

## **Timeliness of Petition**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a limitation for a petition for the writ of habeas corpus under 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Tillery was sentenced on March 22, 2000. Because he filed no direct appeal, his conviction was final thirty days later – on April 21, 2000. *See Gust v. State*, 535 So.2d 642, 643 (Fla. 1st DCA 1998) (holding that when a defendant fails to appeal his conviction or sentence, the judgment and sentence become final upon the

expiration of the thirty days for filing an appeal).  *See also* Rule 9.140(b)(3), Florida Rules of Appellate Procedure.  Accordingly, the time within which to petition for habeas corpus expired on April 21, 2001.

On March 18, 2002 – after expiration of the AEDPA's one-year limitation – Tillery moved in state court for post-conviction relief.  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state collateral pleading filed after the expiration of the federal limitation "cannot toll that period because there is no period remaining to be tolled.")  Accordingly, Tillery's January 20, 2014, petition under Section 2254 is untimely.

Tillery's argument for equitable tolling of the AEDPA's one-year limitation is unpersuasive.  (Docs. 1, 2, 11)  Equitable tolling is appropriate when "extraordinary circumstances have worked to prevent an otherwise diligent petitioner from timely filing his petition."  *Diaz v. Sec'y for Dept. of Corr.,* 362 F.3d 698, 700 (11th Cir. 2004) (quoting *Helton v. Sec'y for Dept. of Corr.,* 259 F.3d 1310, 1312 (11th Cir. 2001).  A petitioner must show that the untimeliness of a petition was "both beyond his control and unavoidable even with due diligence."  *Johnson v. United States*, 340 F.3d 1219, 1266 (11th Cir. 2003).

A petitioner bears the burden of showing an entitlement to relief based on "extraordinary circumstances . . . both beyond his control and unavoidable even with diligence."  *Drew v Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).   Tillery fails

to demonstrate that the untimeliness of his petition was both beyond his control and unavoidable with due diligence.

## Conclusion

The petition is **DISMISSED WITH PREJUDICE**. The Clerk is directed (1) to enter judgment denying the petition and dismissing this action with prejudice, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on July 25, 2014.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE